FILED
United States Court of Appeals
Tenth Circuit

January 11, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSHUA D. SLINKARD,

     Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,[*]

     Respondent - Appellee.

No. 16-5133
(D.C. No. 4:13-CV-00703-JED-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[**]**
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Joshua Slinkard, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

application. To obtain a COA, Slinkard must make "a substantial showing of the denial of

a constitutional right." *Id.* § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000). Because Slinkard hasn't made that showing, we deny his request for a COA and

dismiss this matter.

---

[*] Slinkard is housed at the North Fork Correctional Center. Tracy McCollum, the current warden of that facility, is substituted for its former warden, Janet Dowling, as the respondent in this action. *See* Fed. R. App. P. 43(c)(2).

[**] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings. But we don't act as an advocate for pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

BACKGROUND

In 2011, Slinkard pleaded guilty in Oklahoma state court to seven counts of child sexual abuse, one count of lewd molestation of a child under sixteen, and one count of possessing child pornography. Pursuant to a negotiated plea agreement, the trial court imposed a controlling 30-year prison sentence. Four days later, Slinkard moved to withdraw his guilty pleas. He asserted that he "felt undue pressure" to enter the pleas and that, due to an undiagnosed and untreated mental illness, "he was not in his right state of mind" when he entered them. R. vol. 1, 97.

After an evidentiary hearing, the trial court denied Slinkard's motion. Slinkard appealed, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. The OCCA concluded that the record didn't support Slinkard's assertion that his guilty pleas were the product of untreated mental illness or coercion. The OCCA found that the record instead demonstrated that Slinkard's pleas were knowing and voluntary.

Slinkard then applied for post-conviction relief in state district court, asserting two ineffective-assistance-of-counsel (IAC) claims. The state district court concluded that those claims were procedurally barred under state law and therefore denied Slinkard's application. The OCCA affirmed.

Slinkard filed the instant § 2254 application in October 2013, asserting three claims: (1) he was denied his Fifth, Sixth, and Fourteenth Amendment due process rights because his guilty pleas were neither knowing nor voluntary, (2) he was denied his Sixth Amendment right to effective assistance of counsel during the plea bargaining process,

and (3) he was denied his Sixth Amendment right to effective assistance of counsel during the hearing on the motion to withdraw his guilty pleas.[2]

In September 2014, while his § 2254 application was pending, Slinkard filed a second application for state post-conviction relief based on newly discovered evidence. *See* Okla. Stat. Ann. tit. 22, § 1080(d) (permitting state prisoners to seek vacation of conviction or sentence based on claim "that there exists evidence of material facts, not previously presented and heard" that would require granting relief "in the interest of justice"). Specifically, Slinkard cited a letter he received from his wife in July 2014. In the letter, his wife states that Slinkard's stepdaughter—one of the victims Slinkard pleaded guilty to sexually abusing—"ha[s] problems" with both Slinkard and her biological father and "was also raped during the summer by a friend." R. vol. 1, 264. Slinkard argued that the letter "establish[es] that [his stepdaughter] has the propensity to lie about being sexually abused and/or assaulted; therefore, the allegation against [him] is part of a pattern of false abuse." *Id.* at 260. He further argued that, had this evidence been available during plea negotiations, "his attorney would have investigated the evidence and opted for a jury trial instead of coercing [him] to sign[] a plea agreement." *Id.* at 262.

The state district court concluded this evidence wasn't material and denied Slinkard's application. The OCCA affirmed, concluding that Slinkard didn't demonstrate "a reasonable probability that [the] letter would have changed the outcome in this case." R. vol. 1, 287.

---

[2] In his combined opening brief and COA application, Slinkard expressly waives the ineffective-assistance-of-counsel claims. Thus, we don't address them further.

In November 2015, Slinkard moved for leave to file an amended § 2254 application. Slinkard primarily sought to add the claim he exhausted in his second application for state post-conviction relief—i.e., his claim that the July 2014 letter from his wife demonstrates the victim's propensity to lie and establishes the victim's pattern of making false sexual-abuse allegations.

The district court denied Slinkard's motion to file the amended application. First, the district court characterized any new claims in that application as presumptively time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Second, it construed Slinkard's allegations relating to the July 2014 letter as asserting a gateway actual-innocence claim that might operate to overcome the one-year statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations"). Finally, it concluded that Slinkard wasn't "entitled to equitable tolling based on actual innocence" because the new evidence Slinkard cited wasn't "sufficient to undermine confidence in [his] conviction[s]." R. vol. 1, 304. *See id.* at 1936 ("The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995))).

The court then addressed the claims Slinkard asserted in his original habeas application. As relevant here, the court concluded that Slinkard didn't show by clear and convincing evidence that the OCCA erred in finding that his guilty pleas were knowing

4

and voluntary. *See* 28 U.S.C. § 2254(e)(1) (providing that state court factual determinations are "presumed to be correct" and requiring habeas applicant to rebut presumption with clear and convincing evidence). The court further concluded that, in light of the OCCA's factual findings, Slinkard couldn't show the OCCA's adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established law. *See id.* § 2254(d)(1). Accordingly, the court refused to grant Slinkard habeas relief. Finally, the court declined to issue a COA.

## DISCUSSION

Slinkard first argues that we should issue a COA on his claim that the trial court violated his due process rights by accepting his guilty pleas when, according to Slinkard, those pleas weren't knowing and voluntary. Because the OCCA adjudicated the merits of this claim, Slinkard had to demonstrate to the district court that the OCCA's rejection of this claim was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Id.* § 2254(d)(1)-(2).

And because the district court rejected this claim on its merits, we will issue a COA only if Slinkard "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack*, 529 U.S. at 484. Having reviewed Slinkard's combined opening brief and COA application, the transcripts of Slinkard's plea hearing and hearing on the motion to withdraw his guilty pleas, the OCCA's decision, the district court's order, and the applicable law, we conclude that Slinkard hasn't made the requisite showing to obtain a COA on this claim.

5

Next, Slinkard asserts that we should grant a COA to review whether the district court abused its discretion when it denied his motion to add his claim based on newly discovered evidence. Slinkard specifically argues that (1) the district court failed to "consider the substance of his [n]ewly [d]iscovered [e]vidence," Aplt. Br. 12, and (2) "[a]ctual [i]nnocence is a valid cognizable claim . . . under the United States Constitution," *id.* at 13. Slinkard is wrong on both points.

First, to the extent that Slinkard suggests the district court should have treated his newly-discovered-evidence claim as asserting a freestanding actual-innocence claim and should have granted habeas relief on that claim, Slinkard is mistaken. "[A] claim of 'actual innocence' is not itself a constitutional claim , but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus.").

Second, to the extent that Slinkard instead suggests the district court appropriately characterized his newly-discovered-evidence claim as a gateway actual-innocence claim, but nevertheless failed to "consider the substance of his [n]ewly [d]iscovered [e]vidence," Aplt. Br. 12, that argument also fails. The district court thoroughly addressed why Slinkard's new evidence—the July 2014 letter from his wife—doesn't "undermine

6

confidence in [Slinkard's] convictions."[3] R. vol. 1, 304. Moreover, even assuming the district court somehow erred in evaluating that evidence, Slinkard failed to tether his gateway actual-innocence claim to an independent constitutional claim. Thus, Slinkard isn't entitled to a COA on this basis. *See* § 2253(c)(2) ("A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

We deny Slinkard's request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] The standard for a gateway actual-innocence claim is "demanding," requiring "evidence of innocence so strong" that it undermines our confidence in Slinkard's conviction. *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316). That standard is even more demanding for a habeas applicant who, like Slinkard, pleads guilty to the crimes for which he stands convicted. *See, e.g.*, *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (unpublished) (citing cases rejecting actual-innocence arguments asserted by habeas petitioners challenging convictions obtained through guilty pleas).